Cecilio **SALGADO–HERNANDEZ** and Maria Elena Salgado, Petitioners,

v.

Alberto **GONZALES,\*** Attorney General, Respondent.

No. 02–73314.

Agency Nos. A75–716–760, A75–716–761.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*\*

Decided April 11, 2005.

---

\*\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[redacted]

Lance R. Gallardo, Esq., Law Office of Lance R. Gallardo, Newhall, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA; and Richard M. Evans, Esq., Nancy E. Friedman, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

[redacted]

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Cecilio Salgado–Hernandez and Maria Elena Salgado, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") order denying their applications for cancellation of removal. We review constitutional claims de novo, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001), and we deny the petition for review.

Petitioners contend the IJ violated their due process rights by denying their motion to continue proceedings so they could obtain additional evidence of hardship. To prevail on a due process claim, Petitioners must show an error, and demonstrate that the error affected the outcome of the proceedings. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

[redacted] Here, the IJ denied cancellation both for lack of hardship and for lack of continuous physical presence. Petitioners have waived any challenge to the physical presence determination by failing to raise it in their opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). As the physical presence determination alone renders Petitioners ineligible for cancellation of removal, they cannot show they were prejudiced by being denied the opportunity to gather more evidence of hardship. *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003) (finding that where petitioner failed to challenge physical presence finding before this court, she was not prejudiced by BIA's hardship standard). Accordingly Petition-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ers' due process claim fails. *See id.* at 1006–1007.

We do not reach Petitioners' claim of ineffective assistance of counsel because they failed to raise it before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

We deny Petitioners' motion to supplement the administrative record with their motion to reopen and the BIA's October 12, 2004 denial of that motion. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (petitioner must file separate petition for review from denial of motion to reopen).

PETITION FOR REVIEW DENIED.